**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>    Katherine M. Pacholyk<br><br>*Debtor* | Case No. 26-30162 (AMN)<br>Chapter 13 |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2,<br>*Movant*<br><br>v.<br><br>KATHERINE M. PACHOLYK, DEBTOR<br>STEVEN J. PACHOLYK, CO-DEBTOR<br>ROBERTA NAPOLITANO, Esq. TRUSTEE,<br>*Respondents* | Re: ECF No. 15 |

**MEMORANDUM OF DECISION AND ORDER GRANTING**
**MOTION FOR _IN REM_ RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(4)**

Creditor Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 (the "Bank") seeks relief from the automatic stay as to Katherine M. Pacholyk ("Debtor") and real property known as 62 Allison Drive, Madison, Connecticut (the "Property") pursuant to 11 U.S.C. § 362(d)[1] as part of a years' long foreclosure battle. *See* Connecticut Superior Court Case No. NNH-CV-18-6086131-S (the "Foreclosure Case"); ECF No. 15 (the "Motion"). The Court previously granted relief from the automatic stay provided in Bankruptcy Code § 362(a) to the Bank pursuant to Bankruptcy Code § 362(d)(1). ECF No. 33. The Bank now seeks prospective *in rem* relief for a period of two years pursuant to Bankruptcy Code § 362(d)(4). ECF Nos. 33, 40.

---

[1]    Title 11, United States Code is the "Bankruptcy Code."

## Background

As noted, the Bank, the Debtor, and her husband Steven Pacholyk have been engaged in litigation regarding the Property for many years, since at least late 2018 when the Bank commenced the Foreclosure Case.  Steven Pacholyk filed three Chapter 13 cases, one each in 2020, 2022 and 2023.  In the meantime, a judgment of foreclosure by sale entered in the Foreclosure Case on December 5, 2022, after this Court granted relief from stay to the Bank in the 2022 bankruptcy case.  Foreclosure Case Doc. 191.00.  This case by the Debtor is the fourth bankruptcy case to affect the Property.  *See,* Case Nos. 20-30043 (Steven Pacholyk, dismissed for failure to make plan payments), 22-30122 (Steven Pacholyk, dismissed for failure to file an amended plan), 23-30142 (Steven Pacholyk, ongoing), 26-30162 (Katherine Pacholyk, this case).  Both Case No. 23-30142 by Steven Pacholyk and this case were filed on the eve of a scheduled foreclosure sale. Foreclosure Case Docs. 191.00, 295.00.

In both Case Nos. 20-30043 and 22-30122, the Court granted stay relief to the Bank pursuant to Bankruptcy Code § 362(d)(1) for cause due to non-payment of post-petition mortgage obligations.

In Case No. 23-30142 the Court granted *in rem* relief pursuant to 11 U.S.C § 362(d)(4), finding the case was filed as part of a scheme to delay, hinder or defraud creditors.  Case No. 23-30142, ECF No. 34 .  Although that order was later vacated in part by stipulation solely as to Katherine Pacholyk in her capacity in that case as a co-debtor due to a service issue, the Court's findings as to 11 U.S.C § 362(d)(4) still stand. Case No. 23-30142 ECF Nos. 145, 147.

Case No. 23-30142 was then converted to a Chapter 7 case upon a finding Steven Pacholyk filed the case in bad faith.  Case No. 23-30142 ECF No. 225.   The Court

concluded in that case that the Chapter 13 Trustee met her burden to establish cause under Bankruptcy Code § 1307(c) to dismiss or convert Steven Pacholyk's case. Because the Court was not convinced dismissal with a two (2) year bar was appropriate given the circumstances of that case, the case was converted to a Chapter 7 case, with the consent of the Debtor.  Case No. 23-30142 ECF Nos. 220, 225.  That case remains ongoing.

Meanwhile, in August 2025, the state court entered an order in the Foreclosure Case "prospectively terminating any and all future stays", based on a finding that the Debtor and her husband were engaged in a bad faith scheme to delay creditors through numerous frivolous and dilatory appeals.  Foreclosure Case Doc. 281.10 (August 27, 2025 Order of Judge Alayna M. Stone).

Two other matters of record bear upon the Court's consideration of the Bank's current request for *in rem* relief and the Bank's argument the case was filed as part of a scheme to delay, hinder, or defraud creditors, involving multiple bankruptcy filings affecting real property .  First, the Debtor appears to be ineligible to be a debtor under Chapter 13, pursuant to Bankruptcy Code § 109(e).  *See* ECF Nos. 27, 52 at 00:06:51 – 00:08:00.[2]    Second, the Debtor's proposed Chapter 13 Plan does not appear to be feasible based upon her income, even as amended. *Compare* ECF Nos. 1 (Schedules I (income) and J (expenses)), 39 (Amended Schedules I, J) *with* ECF No. 7 (Chapter 13 Plan); *see also*, 11 U.S.C. §1325(a)(6); ECF No. 28.

---

[2] ECF No. 52 is a .PDF file with an attached .MP3 file containing an audio recording of the June 18, 2026, hearing with the relevant portion of the audio file identified by timestamp in the format of Hours:Minutes:Seconds

**Applicable Law**

Bankruptcy Code § 362(d)(4) authorizes the bankruptcy court to enter an Order granting *in rem* relief and preventing the imposition of the automatic stay in any future bankruptcy filings relating to real property for a period of two years, when a creditor establishes a bankruptcy petition was filed as part of a scheme to delay, hinder, or defraud creditors, and involves multiple bankruptcy filings affecting real property.   11 U.S.C. § 362(d)(4).   Courts may infer intent to delay, hinder, or defraud creditors from the existence of serial filings alone, and may recognize that multiple filings on the eve of successive foreclosure dates or lack of participation in the bankruptcy proceedings as strong evidence of such intent.  *In re Wallace*, 676 B.R. 298, 308 (Bankr. S.D.N.Y. 2026); *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (internal citations omitted).  A court may take judicial notice of filings on its own docket and those in other cases.  Fed.R.Evid. 201; *In re Lee*, 25-30738 (AMN), 2025 Bankr. LEXIS 3267, 2025 WL 4090483, at *6 (Bankr. D. Conn. 2025). S*ee also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

**Discussion**

The Debtor objected to the Motion primarily arguing it should be denied because: 1) she proposed a feasible Chapter 13 Plan of Reorganization; 2) she made all post-petition mortgage payments to the Bank; and 3) the Bank failed to establish standing to seek relief.  ECF Nos. 17, 49.

Each of these arguments is unpersuasive.  The record does not support a conclusion that the Debtor's proposed Chapter 13 Plan is feasible where her income disclosed in her bankruptcy Schedule I after the expenses in her bankruptcy Schedule J is insufficient to fund the proposed payments, and her argument in this regard is frivolous. While the Debtor argued there was new income the Court should consider, this was not substantiated by the date of the hearing on the Motion.  As to post-petition payments, the Court previously determined the Debtor had not maintained post-petition payments to the mortgage lender when it entered ECF No. 33, granting relief from stay pursuant to Bankruptcy Code § 362(d)(1).  No evidence of post-petition payments was proferred during the hearing on the Motion.  Finally, the Bank's standing to enforce the underlying mortgage note was established when the state court entered its judgment in the Foreclosure Case and the Bankruptcy Court cannot review that determination.  The judgment of foreclosure entered in the Foreclosure Case constitutes the state court's determination that the Bank has standing to enforce the note and mortgage.  Under the Rooker-Feldman Doctrine, this Court may not sit in appellate review of state court judgments and therefore must respect the state court's determination of the Bank's standing in this matter.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The undisputed factual record in this case largely speaks for itself.  The Debtor and her husband collectively filed four bankruptcy cases affecting the Property, at least twice on the eve of a scheduled foreclosure sale, and repeatedly failed to make post-petition payments to the Chapter 13 Trustee and the Bank.  The Debtor failed to address any of the significant impediments to a successful reorganization in this case.  Notably, the Debtor's objection does not address the substance of any of this Court's or the state

court's prior findings of bad faith, the number, timing, or outcome of the various bankruptcy cases, or the lack of evidence supporting a conclusion the Debtor's Chapter 13 Plan is feasible.  See ECF No. 49.

Based on this record the Court concludes the Debtor filed this petition as part of a scheme to delay, hinder, or defraud creditors involving multiple bankruptcy filings affecting the Property, within the meaning of Bankruptcy Code § 362(d)(4).

It is noteworthy that during a hearing held on June 18, 2026, attended by the Debtor, Steven Pacholyk and Attorney Mark Kratter for the Debtor, Attorney Kratter acknowledged Katherine Pacholyk's debts exceed the statutory debt limits set forth in Section 109(e) and that she had no basis to object to the Motion to Dismiss.  ECF No. 52 at 00:06:51 – 00:08:00.

All other arguments were considered and determined to be without merit.

Accordingly, it is hereby

**ORDERED**: The Motion for *in rem* relief (ECF No. 15) is granted; and, it is further

**ORDERED**: A separate Order granting relief pursuant to 11 U.S.C. § 362(d)(4) that may be recorded on the land records will enter.

Dated this 10th day of July, 2026, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut